IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50287
Conference Calendar

_____

ARTURO SOLIS,

                                        Plaintiff-Appellant,

versus

JACK HARWELL; JOHN OR JANE DOE;
RON RYAN; CHARLES MEYER;
FNU MCNAMARA; TYRA MITCH; FNU MYNAR;
COY JONES, Jail Administrator;
FNU MEALS; JIM FRIED; FNU CISSELL;
FNU MAJORS; JEFF AGUIRRE; J.C. RIGGS,

                                        Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-98-CV-14
- - - - - - - - - - -

August 25, 1999

Before KING, Chief Judge, and DAVIS and SMITH, Circuit Judges.

PER CURIAM:[*]

     Arturo Solis, Texas prisoner #519192, appeals the dismissal
of his motion for leave to file a 42 U.S.C. § 1983 complaint.
Solis has failed to state the nature of the claims that he seeks
to raise, and he does not argue that his complaint is
meritorious.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Solis does not address the district court's finding that his motion for leave lacked merit. Solis' appeal is without arguable merit and thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5TH CIR. R. 42.2.

Under the Prison Litigation Reform Act, a prisoner may not

bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g). The affirmance of a district court's dismissal as frivolous counts as a single "strike." Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). The dismissal in the district court as frivolous and the subsequent dismissal as frivolous of an appeal from that dismissal count as two "strikes." Id. at 388.

The district court, in Solis v. Collins, No. W-95-CA-367 (W.D. Tex. May 28, 1997), dismissed Solis' civil rights complaint as frivolous and for failure to state a claim. Solis appealed, but the appeal was dismissed for failure to prosecute. The dismissal in Collins counts as Solis' first strike. Adepegba, 103 F.3d at 387-88.

The dismissal of Solis' complaint in Solis v. Parker, No. W-96-CA-266 (W.D. Tex. April 22, 1997), for failure to state a claim and the dismissal of the appeal as frivolous by this court become Solis' second and third strikes. See Solis v. Parker, No.

97-50527 (5th Cir. August 19, 1998); see also § 1915(g); Adepegba, 103 F.3d at 388. The dismissal of the instant appeal as frivolous becomes his fourth strike. Adepegba, 103 F.3d at 388. Solis is now barred from filing any civil action or appeal in forma pauperis while he is a prisoner unless he is under imminent danger of serious physical injury. § 1915(g).

APPEAL DISMISSED; § 1915(g) SANCTION IMPOSED.